IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY HACKETHAL, Individually, and LARRY )
HACKETHAL, d/b/a PRO-1 AUTOMOTIVE, a/k/a)
PRO-1 AUTOBODY & SERVICE CENTER,        )
                                         )
            Plaintiffs,                  )        Case No.: 3:26-cv-00478
                                         )
v.                                       )
                                         )
MILWAUKEE ELECTRIC TOOL                  )
CORPORATION,                             )
                                         )
            Defendant.                   )

## INTRODUCTION

The plaintiff Larry Hackethal, individually and Larry Hackethal, d/b/a Pro-1 Automotive a/k/a Pro-1 Autobody & Service Center, by and through undersigned counsel, and for his Complaint and causes of action against the defendant, now states and alleges as follows:

## PARTIES

Plaintiff Larry Hackethal is a citizen of Cobden, Illinois.

Plaintiff Larry Hackethal is the sole proprietor of plaintiff Pro-1 Automotive a/k/a Pro-1 Autobody & Service Center, (hereinafter "Pro-1") located at 115 N Appleknocker Drive, Cobden, Illinois 62920.

Defendant Milwaukee Electric Tool Corporation (hereinafter "Milwaukee Electric") is a tool and equipment manufacturer, seller, and/or distributor, and upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Brookfield, Wisconsin. Accordingly, Milwaukee Electric is a citizen of Delaware and Wisconsin for purposes of diversity jurisdiction.

1

## JURISDICTIONAL STATEMENT

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse and the amount in controversy exceeds $75,000.00. Plaintiff Larry Hackethal, individually, and plaintiff Pro-1, are citizens of the state of Illinois and defendant Milwaukee Electric is a citizen of Delaware and Wisconsin.

## VENUE

Venue is proper in the United States District Court for the Southern District of Illinois because a substantial part of the events or omissions giving rise to this action occurred within this District.

## COMPLAINT

### COUNT I
### STRICT PRODUCTS LIABILITY
### PLAINTIFF HACKETHAL v. MILWAUKEE ELECTRIC

1.      On or about April 14, 2024, and at all times herein mentioned, plaintiff Larry Hackethal was located in Cobden, Illinois.

2.      On or about that date, plaintiff Hackethal purchased a M12 Milwaukee 3/8" drill and charger kit – Item 2407-22 from Rural King (SKU: 15385284), located in Carbondale, Illinois.

3.      Plaintiff Hackethal used the drill on April 15, 2024, in a reasonably anticipated manner, and thereafter placed the battery from the drill in the charger which came with the drill and battery, in order to charge the battery overnight.

4.      On April 16, 2024, a person passing by the business around 6:24 a.m. reported that the building was on fire.

5.      Despite efforts of the fire department, the business suffered property damage and other losses as a direct result of the fire, as more fully described herein.

6.    Subsequent investigation and testing revealed that the cause, origin, and/or source of the fire was the Milwaukee Electric tools battery which was properly on the Milwaukee Electric tools charger.

7.    Defendant designed, manufactured, assembled, marketed, sold, distributed, and/or supplied the product in the ordinary course of its business.

8.    That at said time and place, and at the time the battery and charger left control of the defendant, it was in a defective and unreasonably dangerous condition, in one or more of the following respects:

a.    It was designed in such a way that it could catch fire while the battery was being charged;

b.    It was manufactured in such a way that it would catch fire while the battery was being charged;

c.    It failed to perform in its intended manner when put to its intended use;

d.    It lacked proper safety mechanisms to prevent it from catching fire;

e.    It was not properly tested to ensure it would not catch on fire while charging;

f.    It violated safety rules, standards, and best practices for use; and

g.    It had inadequate instructions and/or warnings.

9.    As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the product, plaintiff Larry Hackethalsuffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, individually, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE DOLLARS ($75,000.00), plus costs herein expended.

## COUNT II
## STRICT PRODUCTS LIABILITY
## PLAINTIFF PRO-1 v. MILWAUKEE ELECTRIC

10.    On or about April 14, 2024, and at all times herein mentioned, plaintiff Pro-1, has been located in Cobden, Illinois.

11.    On or about that date, plaintiff Pro-1, through its owner/agent, purchased a M12 Milwaukee 3/8" drill and charger kit – Item 2407-22 from Rural King (SKU: 15385284), located in Carbondale, Illinois.

12.    Plaintiff Pro-1's owner/agent used the drill on April 15, 2024, in a reasonably anticipated manner, and thereafter placed the battery from the drill in the charger which came with the drill and battery, in order to charge the battery overnight.

13.    On April 16, 2024, a person passing by the business around 6:24 a.m. reported that the building was on fire.

14.    Despite efforts of the fire department, the business suffered property damage and other losses as a direct result of the fire, as more fully described herein.

15.    Subsequent investigation and testing revealed that the cause, origin, and/or source of the fire was the Milwaukee Electric tools battery which was properly on the Milwaukee Electric tools charger.

16.    Defendant designed, manufactured, assembled, marketed, sold, distributed, and/or supplied the product in the ordinary course of its business.

17.    That at said time and place, and at the time the battery and charger left control of the defendant, it was in a defective and unreasonably dangerous condition, in one or more of the following respects:

        a.    It was designed in such a way that it could catch fire while the battery was being charged;

b.      It was manufactured in such a way that it would catch fire while the battery was being charged;

c.      It failed to perform in its intended manner when put to its intended use;

d.      It lacked proper safety mechanisms to prevent it from catching fire;

e.      It was not properly tested to ensure it would not catch on fire while charging;

f.      It violated safety rules, standards, and best practices;

g.      It had inadequate instructions and/or warnings.

18.     As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the product, plaintiff Pro-1 suffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, d/b/a Pro-1 Automotive a/k/a Pro-1 Autobody & Service Center, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE DOLLARS ($75,000.00), plus costs herein expended.

## COUNT III
## NEGLIGENCE
## PLAINTIFF HACKETHAL v. MILWAUKEE ELECTRIC

19.     Plaintiff Hackethal adopts and incorporates paragraphs 1-18 of the Complaint.

20.     At all relevant times, defendant owed a duty to the public in general and plaintiff Hackethal in particular to exercise reasonable care in designing, manufacturing, distributing, furnishing, selling, testing, and monitoring for safety the product it sold and/or put into the stream of commerce, including the duty to assure the product did not cause plaintiff Hackethal to suffer reasonably foreseeable dangerous consequences arising from the expected use of the product.

21.     At that time and place, and prior thereto, the defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions, in

5

designing, manufacturing, distributing, furnishing, selling, testing, retrofitting, and/or supplying the product:

a. without adequate protection to prevent the battery from catching fire;

b. without proper safety mechanisms to prevent the battery from catching fire;

c. with improper materials;

d. in such a way that it did not meet the design requirements for use;

e. without being sufficiently fire resistant as to not catch fire;

f. in violation of safety rules, standards, and best practices;

g. in such a way as to fail when used in the manner intended;

h. without adequate fire resistance for ordinary and foreseeable use;

i. without available safety technology, materials, and/or devices to make sure it was safe for its intended purpose and use;

j. such that it did not meet reasonable safety standards; and/or

k. with inadequate instructions and/or warnings.

22. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant Milwaukee Electric Tool Corporation, by and through its agents, servants or employees, plaintiff Larry Hackethal suffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, individually, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

## COUNT IV
## NEGLIGENCE
## PLAINTIFF PRO-1 v. MILWAUKEE ELECTRIC

23.     Plaintiff Pro-1 adopts and incorporates paragraphs 1-22 of the Complaint.

24.     At all relevant times, defendant owed a duty to the public in general and plaintiff Pro-1 in particular to exercise reasonable care in designing, manufacturing, distributing, furnishing, selling, testing, and monitoring for safety the product it sold and/or put into the stream of commerce, including the duty to assure the product did not cause plaintiff Pro-1 to suffer reasonably foreseeable dangerous consequences arising from the expected use of the product.

25.     At that time and place, and prior thereto, the defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions, in designing, manufacturing, distributing, furnishing, selling, testing, retrofitting, and/or supplying the product:

        a.      without adequate protection to prevent the battery from catching fire;

        b.      without proper safety mechanisms to prevent the battery from catching fire;

        c.      with improper materials;

        d.      in such a way that it did not meet the design requirements for use;

        e.      without being sufficiently fire resistant as to not catch fire;

        f.      in violation of safety rules, standards, and best practices;

        g.      in such a way as to fail when used in the manner intended;

        h.      without adequate fire resistance for ordinary and foreseeable use;

        i.      without available safety technology, materials, and/or devices to make sure it was safe for its intended purpose and use;

        j.      such that it did not meet reasonable safety standards; and/or

        k..      with inadequate instructions and/or warnings.

26.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant Milwaukee Electric Tool Corporation, by and through its agents, servants or employees, plaintiff Pro-1 suffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, d/b/a Pro-1 Automotive a/k/a Pro-1 Autobody & Service Center, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

**<u>COUNT V</u>**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**PLAINTIFF HACKETHAL v. MILWAUKEE ELECTRIC**

27.    Plaintiff Hackethal adopts and incorporates paragraphs 1-26 of the Complaint.

28.    Defendant had reason to know that the particular purpose for which the product was to be used.

29.    Defendant had reason to know that the buyer was relying on the skill and judgment of defendant to select or furnish suitable products and components.

30.    The product was not fit for its intended use when it was sold to plaintiff Hackethal.

31.    Defendant breached its warranties as set forth above, and further, in that the product was defective in that:

 a. it had inadequate protection to prevent the battery from catching fire;

 b. it had improper safety mechanisms to prevent the battery from catching fire;

 c. it had improper materials;

 d. it did not meet the design requirements for use;

 e. it had insufficient fire resistance so as not to catch fire;

 f. it violated safety rules, standards, and best practices;

8

g.   it failed when used in the manner intended;

h.   it had inadequate fire resistance for ordinary and foreseeable use;

i.   it did not utilized available safety technology, materials, and/or devices to make sure it was safe for its intended purpose and use;

j.   it did not meet reasonable safety standards; and/or

k.   it had inadequate instructions and/or warnings.

32.   The defective and dangerous conditions existed when the product was designed, manufactured, assembled, marketed, sold, distributed, and/or recommended for the purpose for which it was put, resulting in plaintiff's damages.

33.   As a direct and proximate result of the breach of warranty by defendant Milwaukee Electric Tool Corporation, by and through its agents, servants or employees, plaintiff Larry Hackethal suffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, individually, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

### COUNT VI
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### PLAINTIFF PRO-1 v. MILWAUKEE ELECTRIC

34.   Plaintiff Pro-1 adopts and incorporates paragraphs 1-33 of the Complaint.

35.   Defendant had reason to know that the particular purpose for which the product was to be used.

36.   Defendant had reason to know that the buyer was relying on the skill and judgment of defendant to select or furnish suitable products and components.

37.   The product was not fit for its intended use when it was sold to plaintiff Pro-1, through its owner/agent.

9

38.    Defendant breached its warranties as set forth above, and further, in that the product was defective in that:

a.    it had inadequate protection to prevent the battery from catching fire;

b.    it had improper safety mechanisms to prevent the battery from catching fire;

c.    it had improper materials;

d.    it did not meet the design requirements for use;

e.    it had insufficient fire resistance so as not to catch fire;

f.    it violated safety rules, standards, and best practices;

g.    it failed when used in the manner intended;

h.    it had inadequate fire resistance for ordinary and foreseeable use;

i.    it did not utilized available safety technology, materials, and/or devices to make sure it was safe for its intended purpose and use;

j.    it did not meet reasonable safety standards; and/or

k.    it had inadequate instructions and/or warnings.

39.    The defective and dangerous conditions existed when the product was designed, manufactured, assembled, marketed, sold, distributed, and/or recommended for the purpose for which it was put, resulting in plaintiff's damages.

40.    As a direct and proximate result of the breach of warranty by defendant Milwaukee Electric Tool Corporation, by and through its agents, servants or employees, plaintiff Pro-1 suffered property damage, including but not limited to damage to the building, tools and equipment, and loss of profits and income for the business.

WHEREFORE, plaintiff Larry Hackethal, d/b/a Pro-1 Automotive a/k/a Pro-1 Autobody & Service Center, demands judgment against the defendant Milwaukee Electric Tool Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

*/s/ Joshua D. Margolis (w/consent)*
Joshua D. Margolis, IL #6284996
MUCHNICK HABER MARGOLIS, LC
8909 Ladue Rd.
St. Louis, MO  63124
Phone: 314.725.5050
Fax: 314.726.2042
josh@mhmlegal.com

and

*/s/ Gregory L Shevlin*
Gregory L. Shevlin, IL #6199414
BARTHOLOMEW, SHEVLIN
 & FLACK, LLP
23 Public Sq., Ste. 465
Belleville, IL  62220
Phone:618.873.0050
Fax: 618.873.0051
greg@bsflaw.com

*Attorneys for Plaintiffs*

11